UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-21634-BLOOM

MATTHEW ALEXANDER KING,

    Petitioner,

v.

WARDEN CARLTON,

    Respondent.
_____/

**ORDER TO AMEND**

**THIS CAUSE** is before the Court on Petitioner Matthew Alexander King's Petition filed nominally pursuant to 28 U.S.C. § 2241, ECF No. [1] ("Petition"). The Court has carefully reviewed the Petition, the record in this case, the applicable law, and is otherwise fully advised. For reasons set forth below, the Petition is denied without prejudice. Petitioner is granted leave to amend his claims pursuant to 28 U.S.C. § 1983.

    **I.**    **FACTUAL ALLEGATIONS**

Petitioner is a prisoner incarcerated at the Federal Detention Center in Miami. *See* ECF No. [1] at 1. His Petition complains of "continuous violations of constitutional rights" and "cruel and unusual punishment." *Id.* at 2. Petitioner alleges FBI and Miami-Dade Police agents arrested him on June 26, 2018. *Id.* at 10. "Once I was placed in a police car[,] I immediately invoked my constitutional right to counsel prior to any questioning by law enforcement. This was recorded on two police body cameras." *Id.* Petitioner invoked his right to counsel again after he arrived at Miami-Dade Police Station Five and was told he would "be given an opportunity to speak with [counsel]." *Id.* After being informed that Petitioner invoked his right to counsel, FBI Agent John Gill and Miami-Dade Detective Parker approached Petitioner in his holding cell and "proceeded

to threaten [Petitioner] into answering their questions." *Id.* Petitioner continued to invoke his right to counsel but was told by Gill, "You're not getting [expletive]." *Id.* Gill threatened Petitioner's safety and the safety of his family, telling Petitioner that he would personally place Petitioner's one-year-old daughter foster care. *Id.* Petitioner, who had never been arrested before, states that he "felt as if [he] had no choice but to comply." *Id.*

Petitioner alleges that Gill and "three other Miami-Dade detectives also forced/coerced a false confession" to a pending state court case. *Id.* Petitioner further alleges that the United States Attorney's Office attempted to hide the violation of Petitioner's rights by omitting the body camera footage from discovery. *Id.* According to Petitioner, "[t]he camera footage was obtained eight months after [his] arrest. *Id.* Petitioner asserts this act violated "protocol, ethics, [and] laws enforced under *Brady v. Maryland* [and] the Constitution." *Id.* In light of the foregoing, Petitioner seeks that his constitutional rights be upheld and "100 million dollars for the anxiety [and] suffering . . . endured these last thirty-four months." *Id.* at 8.

## II.　DISCUSSION

Section 2241 permits a district court to grant a writ of habeas corpus whenever a petitioner is in "custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). It is well established that "claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement 'fall outside of that core and may be brought pursuant to § 1983.'" *See Daker v. Warden,* 805 F. App'x 648, 650 (11th Cir. 2020) (quoting *Nelson v. Campbell*, 541 U.S. 637, 644 (2004)). Where a claim does not result in immediate release from custody, it does not "lie at the core of habeas corpus, and may be brought, if at all, under § 1983." *Daker*, 805 F. App'x at 650 (quoting *Skinner v. Switzer*, 562 U.S. 521, 535 n.13 (2011) (internal quotation marks omitted)). A civil rights action, rather than a habeas corpus action, is the proper vehicle for raising a conditions of confinement

claim. *See McKinnis v. Mosely*, 693 F.2d 1054, 1056-57 (11th Cir. 1982).

While the instant Petition was filed pursuant to § 2241, "[f]ederal courts have . . . an obligation to look behind the label of a motion filed by a *pro se* inmate . . . ." *United States v. Jordan*, 915 F.2d 622, 624 (11th Cir. 1990). Claims for monetary relief "fall outside th[e] core [of habeas corpus] and may be brought pursuant to § 1983 in the first instance." *Nelson*, 541 U.S. at 643 (citing *Muhammad v. Close*, 540 U.S. 749, 750 (2004)) (per curiam). Here, where Petitioner seeks monetary relief rather than release from confinement, a § 2241 Petition is not the appropriate vehicle.

The filing fee in § 1983 actions is $402. *Modeste v. Micahael*, No. 21-20637-CIV, 2021 WL 633737, at *1 (S.D. Fla. Feb. 18, 2021). The $402 filing fee applies even if the case is a hybrid civil rights/habeas corpus action. *Brown v. Calon*, 20-22147-CIV, at p.3 (S.D. Fla. June 6, 2020) ECF No. [10] ("The requirements for pursuing a civil rights action in federal court differ from those in a habeas proceeding, including the payment of a $350.00 filing fee and a [$52.00] administrative fee for a civil rights action versus a $5.00 filing fee for a habeas action. Petitioner may not circumvent those requirements by filing a joint or hybrid action." (citing *Sheppard v. Mich. Parole Bd.*, No. 16-CV-12257, 2016 WL 5369600, at *2 (E.D. Mich. Sept. 26, 2016))).

Petitioner has not paid the $402 filing nor has he filed a motion to proceed *in forma pauperis* with supporting financial affidavit.[1] Under 28 U.S.C. § 1914(a), the Clerk of Court is instructed to require parties instituting a civil action to pay a filing fee. *See id*. Nevertheless, under 28 U.S.C. § 1915(a)(1),

> any court of the United States may authorize the commencement . . . of any suit, action or proceeding, civil or criminal, . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

---

[1] On April 29, 2021, Petitioner paid the $5.00 filing fee for habeas actions. ECF No. [3].

*Id*. To this end, Local Rule 88.2(b) of the United States District Court for the Southern District of Florida provides:

> When a petition, motion to vacate, or complaint is submitted in forma pauperis, the petitioner/movant/plaintiff shall submit the form "Application to Proceed Without Prepayment of Fees and Affidavit," which may be obtained from the Clerk of the Court, or an affidavit which substantially follows the form, and shall, under oath, set forth information which establishes that he or she is unable to pay the fees and costs of the proceedings referenced above.

*Id.*

### III.   CONCLUSION

Petitioner's claims are improperly raised in a § 2241 petition. In order to proceed, the Petitioner shall file an amended complaint on the appropriate form providing sufficient factual allegations to permit the Court to review his claims. Petitioner is reminded that he must state with specificity the facts supporting his claims. Petitioner is also cautioned that each claim should be numbered in a separate paragraph and should be set forth using short and plain statements, with numbered paragraphs stating why the relief requested should be granted. Additionally, the amended complaint must contain a separate paragraph as to each defendant explaining what that defendant did and the supporting facts to show why that person is being sued. Furthermore, the petition must be verified—i.e., signed and dated under the penalty of perjury, pursuant to Local Rule 88.2(a)(4). Consistent with the goals of Fed. R. Civ. P. 8, the amended complaint and its memorandum shall not exceed twenty pages in length.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. **On or before May 31, 2021**, Petitioner shall file an amended complaint, signed under the penalty of perjury, providing a short and plain statement of a claim for relief, a basis for federal jurisdiction, and a demand for judgment.

2. The amended complaint must be labeled "Amended Complaint" and must show

Case No. 21-cv-21634, so that it will be filed in this case.

3. **On or before May 31, 2021**, Petitioner shall wither pay the $402 filing fee or may file a motion to proceed *in forma pauperis*.

4. If Petitioner files a motion to proceed *in forma pauperis*, he must have the certificate concerning his inmate account statement completed by an officer of the institution and attach a certified copy of his jail account for the six-month period preceding the filing of the Complaint in accordance with 28 U.S.C. § 1915.

5. The Clerk is **DIRECTED** to provide Petitioner with a copy of the form for a Complaint for Violation of Civil Rights pursuant to 28 U.S.C. § 1983, and the Application to Proceed in District Court Without Prepaying Fees or Costs.

6. Petitioner is cautioned that failure to file the amended complaint, the filing fee, or the motion to proceed *in forma pauperis* on time and in compliance with the Court's Order may result in dismissal of this case for failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b).

**DONE AND ORDERED** in Chambers at Miami, Florida, on April 30, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Matthew Alexander King, *Pro Se*
17576-104
Miami FDC
Federal Detention Center
Inmate Mail/Parcels

5

Case No. 21-cv-21634-BLOOM

Post Office Box 019120
Miami, FL 33101