**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-21634-BLOOM**

MATTHEW ALEXANDER KING,

     Plaintiff,

v.

WARDEN CARLTON,

     Defendant.

                                 /

## ORDER ON MOTION FOR RECONSIDERATION

**THIS CAUSE** is before the Court upon Plaintiff Matthew Alexander King's ("Plaintiff")

Motion for Reconsideration of Decision Denying 28 U.S.C. § 2241 [Petition], ECF No. [5]

("Motion"). On April 28, 2021, *pro se* Plaintiff nominally filed a Petition pursuant to 28 U.S.C.

§ 2241, ECF No. [1] ("Petition"). After careful review, the Court denied the Petition without

prejudice and granted Petitioner leave to amend his claims pursuant to 28 U.S.C. § 1983. Plaintiff

now asks the Court to reconsider its decisions. For the reasons that follow, the Motion is denied.

     In his Motion, Plaintiff argues that his Petition was properly filed under § 2241, as it alleged

"civil rights violations" and violations regarding the "conditions of his confinement." ECF No. [5]

¶ 1 (citing *Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971)). Plaintiff further argues that

his Petition "carries merits similar to multiple cases filed in the Southern District of Florida . . .

[a]ll of which were filed and accepted under 28 U.S.C. § 2241." *Id.* ¶ 2 (citing *Daniels v. Carlton*,

No. 21-cv-22709, *King v. Carlton*, No. 21-cv-20596, *Martinez v. Carlton*, No. 19-cv-20602[1]).

Lastly, Plaintiff maintains that due to the Court's "prior involvement in Plaintiff's criminal case,

---

[1] The Court notes that it could not locate *Martinez v. Carlton*, 19-cv-20602, as cited in the Motion.

[Case No. 19-cr-20272-BB], this case should have been 'randomly reassigned' to avoid conflicts of interest, bias, [and] prejudice." *Id.* ¶ 4 (citations omitted).

A motion for reconsideration requests the Court to grant "an extraordinary remedy to be employed sparingly." *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). A party may not use a motion for reconsideration to "relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (quoting *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005)). "This prohibition includes new arguments that were 'previously available, but not pressed.'" *Id.* (quoting *Stone v. Wall*, 135 F.3d 1438, 1442 (11th Cir. 1998)).

District courts may only grant a motion for reconsideration when there is (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *See Hood v. Perdue*, 300 F. App'x 699, 700 (11th Cir. 2008). Thus, a motion to reconsider is "appropriate where, for example, the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Kapila v. Grant Thornton, LLP*, No. 14-61194-CIV, 2017 WL 3638199, at *1 (S.D. Fla. Aug. 23, 2017) (quoting *Z.K. Marine Inc. v. M/V Archigetis*, 808 F. Supp. 1561, 1563 (S.D. Fla. 1992)).

Plaintiff's Motion is due to be denied for several reasons. First, the Motion misconstrues the Court's Order to Amend, *see* ECF No. [4]. In support of reconsideration, Plaintiff states that his Petition "alleges civil rights violations, and the conditions of his confinement." ECF No. [1] at 2. The Court agrees with this statement and reminds Plaintiff that a § 2241 Petition is not the proper vehicle to raise conditions of confinement claims. Indeed, § 2241 permits a district court to grant a writ of habeas corpus whenever a petitioner is in "custody in violation of the Constitution or laws

or treaties of the United States." 28 U.S.C. § 2241(c)(3). Where a Plaintiff alleges civil rights violations and seeks to challenge the conditions of his confinement, he should file a civil rights complaint pursuant to 42 U.S.C. § 1983. *See Daker v. Warden*, 805 F. App'x 648, 650 (11th Cir. 2020) ("It is well established that "claims challenging the fact or duration of a sentence fall within the 'core' of habeas corpus, while claims challenging the conditions of confinement 'fall outside of that core and may be brought pursuant to § 1983.'" (quoting *Nelson v. Campbell*, 541 U.S. 637, 644 (2004))). As such, the Court ordered Plaintiff to amend his claims pursuant to § 1983. *See* ECF No. [4].

The Court further highlights that the cases cited by Plaintiff support construing his claims as a civil rights complaint, and not as a petition under § 2241. For example, in *King v. Carlton*, No. 21-cv-20596 (S.D. Fla. Feb. 26, 2021), ECF No. [1], a § 2241 habeas petition was the proper vehicle because petitioner challenged the duration of his confinement. Additionally, in *Daniels v. Carlton*, No. 21-cv-21704 (S.D. Fla. May 5, 2021), ECF No. [3], petitioner sought compensatory damages arising from the challenged conditions of his confinement. Upon screening, the district court found that "[b]ecause the Plaintiff challenges the conditions of his confinement and seeks damages, this action is properly brought, if at all, under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971)." *Id.* at 1 (citations omitted). Here, like the Petitioner in *Daniels*, Plaintiff raised claims challenging the conditions of his confinement and is seeking monetary relief. ECF No. [1]. Therefore, it was proper to construe the § 2241 Petition as a civil rights complaint and order Plaintiff to file an amended complaint.

To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001); *see also Bivens v. Six Unknown Fed. Agents*, 403 U.S. 388 (1971) (recognizing implied cause of action for damages for violation of federal rights

by a federal officer). Plaintiff raised claims against both state and federal actors in his Petition. Should Plaintiff file an amended § 1983 complaint raising claims against state and federal actors, the Court will consider any claims raised against federal officers under *Bivens*. The Court reminds Plaintiff that his amended complaint must adhere to federal pleading standards. *See* Fed. R. Civ. P. 8.; *see also* S.D. L.R. 88.2(a)(4).

Moreover, the Court denies Plaintiff's recusal request. *See* ECF No. [5] at 2. Plaintiff's request is legally insufficient as he offers no evidence of bias, conflict of interest, or prejudice. Nor has Plaintiff alleged that the Court cannot be fair and impartial. *See* 28 U.S.C. § 144 (affidavit seeking recusal must "state the facts and the reasons for the belief that bias or prejudice exists."); *see also Giles v. Garwood*, 853 F.2d 876, 878 (11th Cir. 1988) ("A judge should not recuse himself based upon unsupported, irrational, or tenuous allegations." (citing *United States v. Greenough*, 782 F.2d 1556, 1558-59 (11th Cir. 1986))); *Mystique, Inc. v. 138 Int'l, Inc*, No. 07-22937-CIV, 2010 WL 1740698, at *2 (S.D. Fla. Apr. 29, 2010) (motion for recusal was "legally insufficient" where "[n]o allegation of personal bias ha[d] been alleged, cited, or even hinted at in any way."); *Maldonado v. Rhoden*, No. 3:20-CV-418-BJD-PDB, 2021 WL 1293425, at *1 (M.D. Fla. Apr. 7, 2021) ("A judge is not biased against a civil litigant merely because the judge participated in a criminal action involving the same litigant or related facts." (citing *In re Corrugated Container Antitrust Litig.*, 614 F.2d 958, 966 (5th Cir. 1980))). Thus, Plaintiff's request is without merit.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Motion, **ECF No. [5]**, is **DENIED**.

2. The Clerk is **DIRECTED** to provide Petitioner with a copy of the form for a Complaint for Violation of Civil Rights pursuant to 28 U.S.C. § 1983, and the Application to Proceed in District Court Without Prepaying Fees or Costs.

3. Petitioner is cautioned that failure to file the amended complaint, the filing fee, or

Case No. 21-cv-21634-BLOOM

the motion to proceed *in forma pauperis* **on or before May 31, 2021** and in compliance with the Court's Order to Amend, ECF No. [4], may result in dismissal of this case for failure to prosecute or failure to comply with court orders. *See* Fed. R. Civ. P. 41(b).

**DONE AND ORDERED** in Chambers at Miami, Florida, on May 19, 2021.

_____

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Matthew Alexander King
17576-104
Miami FDC
Federal Detention Center
Inmate Mail/Parcels
Post Office Box 019120
Miami, FL 33101